# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:15cv223

MARGE IAANUCCI and MICHAEL ) 
IANNUCCI, )
 )
    Plaintiffs, )
 )
v. )      **MEMORANDUM AND**
 )      **RECOMMENDATION**
 )
CVS Rx SERVICES, INCL, et al., )
 )
    Defendants. )
_____ )

Pending before the Court is the Motion to Dismiss [# 3]. Plaintiffs brought this case against Defendants asserting claims for employment discrimination under Title VII of the Civil Rights Act of 1964. Defendant CVS Rx Services, Inc. ("CVS") moves to dismiss the Complaint pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure. Although Defendant CVS seeks to dismiss the Complaint in its entirety, the Motion to Dismiss is brought only on behalf of Defendant CVS, and none of the individual Defendants have joined the motion or moved to dismiss the claims asserted against them. Thus, the only issue before the Court is whether the claims asserted against Defendant CVS are subject to dismissal pursuant to Rule 12(b)(4) or 12(b)(5). Upon a review of the record

and the relevant legal authority, the Court **RECOMMENDS** that the District Court **DENY** the motion [# 3].

## I.    Background

Plaintiffs brought this action on October 1, 2015, asserting claims for employment discrimination under Title VII. Plaintiffs named CVS Rx Services, Inc. as a defendant.  In addition, Plaintiffs named Diana Hardin, David Sanford, Kelly Gray, Amanda Chiota, Patricia Ethridge, and Matt Wead as defendants.  The Complaint alleges that each of the individual Defendants is a current or former employee of Defendant CVS.  (Pl.'s Compl. pp. 2-3, ECF No. 1.)  After Plaintiffs filed the Complaint, the Clerk issued summons for:

> CVS
> 1 CVS Drive
> Woonsocket, RI 02895

(Summons p. 1, ECF No. 2.)  The summons for each of the individual Defendants was issued to this same name and address.  (Id. pp. 1-13.)

Plaintiffs then attempted to perfect service on all the Defendants by mailing seven copies of the Complaint via United States certified mail to CVS at the address listed in the summons.  (Pls.' Resp. Def.'s Mot. Dismiss at p. 1, ECF No. 8.)  Plaintiffs filed a copy of the certified mail receipt and the tracking information showing delivery on October 6, 2015, with the Court.  (Miscellaneous Filing, ECF

No. 5.)  By letter dated December 9, 2015, the Clerk of Court sent Plaintiffs a letter

stating that the filing of the certified mail receipt was not the proper way to show

proof of service on Defendants.  (Letter from Clerk, ECF No. 7.)   The Clerk also

provided Plaintiffs with a copy of the Pro Se Litigants Guide and instructed

Plaintiffs as to the appropriate section regarding service of a complaint.  (<u>Id.</u>)   The

Clerk enclosed another copy of the issued summons.  (<u>Id.</u>)   Finally, the Clerk

explained to Plaintiffs that:

> As a reminder, you have 120 days from the issuance of the summons to
> effect service, if you fail to do so within the 120 days, your case may
> be dismissed.  The enclosed guide states 90 days, but that changed for
> cases on or after 12/01/2015.

(<u>Id.</u>)  Shortly after the Clerk sent Plaintiffs the letter regarding their miscellaneous

filing, Plaintiffs filed the summons and proof of service with the Court indicating

that they served all of the Defendants by certified mail at the single address 1 CVS

Drive, Woonsocket, RI 02895.  (Summons Returned Executed, ECF No. 9.)

Defendant CVS now moves the Court to dismiss the Complaint for

insufficient process and for Plaintiffs' failure to perfect service on Defendant CVS.

The District Court referred the Motion to Dismiss to this Court.  In response to the

Motion to Dismiss, Plaintiffs contend that they satisfied all the procedural

requirements for service of process and, thus, dismissal is not warranted.   Having

had an opportunity to respond, Defendant CVS's Motion to Dismiss is now

properly before this Court for a Memorandum and Recommendation to the District Court.

## II.    Analysis

Prior to the exercise of personal jurisdiction over a defendant in federal court, the plaintiff must satisfy the procedural requirement of service of summons. Omni Capital Int'l, Ltd., v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104, 108 S. Ct. 404, 409 (1987); see also ESAB Grp., Inc. v. Centricut, Inc., 126 F.3d 617, 620 (4th Cir. 1997) ("a federal court's exercise of jurisdiction over a person is closely linked to effective service of process."). "Thus, before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There also must be a basis for the defendant's amenability to service of summons." Omni Capital, 484 U.S. at 104, 108 S. Ct. at 409.

Rule 4 of the Federal Rules of Civil Procedure sets forth the formal requirements for the issuance of a summons and for service of process in proceedings brought in federal court.   Fed. R. Civ. P. 4.   Pursuant to Rule 4(m), the Court must dismiss an action without prejudice or order that service occur within a specified time as to any defendant who is not served within 120 days after the filing of the complaint.  Fed. R. Civ. P. 4(m) (amended effective Dec. 1,

2015).[1]  Where a plaintiff can show good cause for the failure to timely serve a

defendant, the Court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Rule 12(b)(4) provides that a defendant may assert the defense of

insufficient process by motion.  "Process may be insufficient if the forms are

technically deficient (*e.g.,* wrong name) or otherwise deficient in ways that are

unrelated to service of the pleadings."  Brown v. Charlotte Rentals, LLC, No. 3:15-

CV-0043-FDW-DCK, 2015 WL 4557368, at *3 (W.D.N.C. Jul. 28, 2015)

(Whitney, C.J.).  Similarly, Rule 12(b)(5) provides that a defendant may assert the

defense of insufficient service of process by motion.  "Deficiencies in service, as

opposed to process, relate to the actual service of the pleadings upon the parties."

Brown, 2015 WL 4557368, at *3; see also 5B Charles Alan Wright & Arthur R.

Miller, Federal Practice and Procedure § 1353 (3d ed. 2004) (explaining the

difference between a motion to dismiss under Rule 12(b)(4) and Rule 12(b)(5).)

The fact that a plaintiff choses to proceed without counsel in a civil

proceeding is not an excuse for the failure to comply with the Court's procedural

rules.  See McNeil v. U.S., 508 U.S. 106, 113, 113 S. Ct. 1980 (1993); Hanson v.

Fairfax Cty. Sch. Bd., 405 F. App'x 793 (4th Cir. 2010) ("Pro se status, however,

---

1  The Court notes that for cases filed on or after December 1, 2015, a plaintiff would only have 90, rather than 120, days to perfect service on defendants. Fed. R. Civ. P. 4(m).

is insufficient to establish good cause, even where the pro se plaintiff mistakenly believes that service was made properly."); Brown, 2015 WL 4557368, at *3. The United State Court of Appeals for the Fourth Circuit, however, has also explained:

> When the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored.

Armc, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). Accordingly, when faced with technical defects the Court must strike a balance between deciding cases on the merits and ensuring that parties comply with the plain legal requirements for perfecting service. See 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1083 (3d ed. 2002).

When a defendant challenges the sufficiency of service of process on it, the plaintiff bears the burden of demonstrating that the procedure plaintiff used to perfect service complied with the requirements of Rule 4. Id. Here, Defendant CVS contends that process was defective and that Plaintiffs failed to properly serve the pleadings upon it. The Court will address each issue separately.

### A. Dismissal Under Rule 12(b)(4) is Improper

The Federal Rules of Civil Procedure set forth the information that a summons must contain. Fed. R. Civ. P. 4(a)(1). For example, the summons must

contain the name of the court and the parties and be directed to the defendant.
Fed. R. Civ. P. 4(a)(1)(A)-(B). Defendant CVS contends that the summons
directed at it was legally insufficient and, thus, dismissal is required because the
summons named CVS as the defendant and failed to name an officer, director, or
agent of Defendant CVS in the summons.   In addition, Defendant CVS contends
that there is no legal entity known as CVS.

As a threshold matter, the fact that the summons fails to name the proper
corporate entity does not render the summons legally defective. Morrel v.
Nationwide Mut. Fire Ins. Co., 188 F.3d 218, 224 (4th Cir. 1999); U.S. v. A.H.
Fischer Lumber Co., 162 F.2d 872, 873 (4th Cir. 1947); see also Brown, 2015 WL
4557368, at *4. As the Fourth Circuit explained over sixty years ago:

> A suit at law is not children's game, but a serious effort on the part of
> adult human beings to administer justice; and the purpose of process is
> to bring parties into court. If it names them in such terms that every
> intelligent person understands who is meant, as is the case here, it has
> fulfilled its purpose; and courts should not put themselves in the
> position of failing to recognize what is apparent to everyone else . . . .
> As a general rule the misnomer of a corporation in a notice, summons .
> . . or other step in a judicial proceeding is immaterial if it appears that
> it could not have been, or was not, misled.

A.H. Fischer, 162 F.2d at 873 (internal citation omitted).

The Complaint filed by Plaintiffs lists CVS Rx Services, Inc. as the named
defendant in this action (Pls.' Compl. p. 2) but states only CVS, et al. in the case

caption (id. p. 1). The summons only listed CVS as the defendant. Plaintiffs, however, included a copy of the Complaint listing CVS Rx Services, Inc. as the named defendant with the summons. Any person could understand that the summons was meant for CVS Rx Services, Inc. The fact that the summons stated CVS and failed to state the full name of the corporation named in the Complaint is such an insignificant error that it does not prevent process in this case from being legally sufficient. Defendant CVS received notice of the Complaint and was not misled by the summons in this case. Fighting over whether the summons named the proper corporate entity and moving to dismiss a complaint on such grounds, especially in light of existing Fourth Circuit legal authority, serves only to prevent the "just, speedy, and inexpensive determination" of this dispute. Fed. R. Civ. P. 1.

Similarly, the fact that the summons did not specifically name an officer, director, or agent of Defendant CVS does not require dismissal. What is contained in a summons is governed by Rule 4(a), not state law. Fed. R. Civ. P. 4(a) advisory committee's note to 1993 amendment ("the federal court summons will be the same in all cases. Few states now employ, distinctive requirements of form for a summons and the applicability of such a requirement in federal court can only serve as a trap for an unwary party or attorney."); 4A Wright & Miller, supra, §

1087.  Rule 4 only requires that the summons name the court and the parties and be directed to the defendant.  Fed. R. Civ. P. 4(a)(1)(A)-(B). There is no requirement that the summons name an officer, director, or agent of the corporate defendant. See Fed. R. Civ. P. 4(a)(1);  see also U.S. V. Sea Bay Dev. Corp., Civil Action No. 2:06cv624, 2007 WL 1378544, at *5 (E.D. Va. May 8, 2007) ("Rule 4(a), describing the form of the summons, does not require a registered agent's name to appear.").[2]  Thus, while service itself may have been defective due to the Plaintiffs' failure to serve an individual designated by law to accept service of process on behalf of Defendant CVS, the summons in this case was not legally defective and dismissal pursuant to Rule 12(b)(4) is not warranted. The Court, therefore, **RECOMMENDS** that the District Court **DENY** the Motion to Dismiss pursuant to Rule 12(b)(4) for insufficient process.

### B. Plaintiffs Did Not Perfect Timely Service on Defendant CVS

Rule 4(h) of the Federal Rules of Civil Procedure governs the service of a corporation within the United States where a plaintiff does not obtain a waiver of

---

2  The Court notes that some Court's appear to have reached a different conclusion.  See Benitez v. Maxim Healthcare Servs., No. 1:12CV1195, 2013 WL 3441734, at *2-3 (M.D.N.C. Jul. 9, 2013); Hashemzadeh v. Belk, Inc., No. 5:10-CV-00330-BR, 2011 WL 80661, at *2-3 (E.D.N.C. Mar. 1, 2011).   To the extent that these Courts held that Rule 4 requires a summons to contain the name of a corporation's officer, director or agent to satisfy Rule 4(a) and constitute a legally sufficient process, the Court finds that such a holding is not supported by the plain language of Rule 4 and conflates the issue of sufficient process under Rule 12(b)(4) with sufficient service of process under Rule 12(b)(5).  Regardless, even if the Court were to find that the process was legally defective in this case, the Court would not recommend that the District Court dismiss this case as requested by Defendant CVS, but would recommend that the District Court provide Plaintiffs with another opportunity to obtain a summons naming an appropriate individual who could accept service for Defendant CVS.

service under Rule 4(d). Pursuant to Rule 4(h), a plaintiff may serve a corporation located in a judicial district in the United States by either: (1) the manner allowed for serving an individual under Rule 4(e)(1); or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(A)-(B). Rule 4(e)(1) provides that a plaintiff may serve an individual within a judicial district in the United States by following the state law for serving a summons in an action brought in the court of general jurisdiction in either the state where the district court is located or where service is made.

Under North Carolina state law – the state where this Court is located – a plaintiff may serve a corporation by: (1) delivering a copy of the summons and the complaint to an officer, director, or managing agent of the corporation or by leaving copies of the summons and complaint in the office of the officer, director, or managing agent with the individual who is apparently in charge of the office; (2) by delivering a copy of the summons and complaint to an agent authorized by law or appointment to accept service, or by serving such agent in a manner specified by any statute; (3) by mailing a copy of the summons and complaint via registered or

certified mail, return receipt requested, addressed to the officer, director or agent that could be personally served under (1) or (2) above; or (4) by depositing with a designated delivery service authorized under 26 U.S.C. §7502(f)(2) a copy of the complaint and the summons, addressed to the officer, director, or agent that could be personally served under (1) or (2) above, and the delivery service delivers the summons and complaint to the addressee and obtains a delivery receipt.  N.C. R. Civ. P. 4(j)(6).

Under Rhode Island law – the state where service was made – service may be made upon a public corporation by delivering a copy of the summons, complaint, and language assistance notice, as well as all other required documents, to any officer, director, or manager of the corporation.  R.I. Super. Ct. R. Civ. P. 4(e)(5) (2015). [3]  A plaintiff may serve a private corporation:

> by delivering a copy of the summons, complaint, Language Assistance Notice, and all other required documents to an officer, a managing or general agent, or by leaving a copy of the summons, complaint, Language Assistance Notice, and all other required documents at an office of the corporation with a person employed therein, or by delivering a copy of the summons, complaint, Language Assistance Notice, and all other required documents to an agent authorized by appointment or by law to receive service of process, provided that if the agent is one designated by statute to receive service, such further notice as the statute requires shall be given.

---

[3] Rhode Island did away with the distinction between the service of public and private corporations and made several other changes to R.I. Super Ct. R. Civ. P. 4 effective January 29, 2016, after the date of service in this case. Accordingly, service in this case would have been government by the prior version of Rule 4.

R.I. Super. Ct. R. Civ. P. 4(e)(3) (2015).

Plaintiffs served Defendant CVS by sending a copy of the Complaint and summons via certified mail to CVS in Rhode Island, attention Legal Department. This method of service, however, does not satisfy any of the mechanisms for perfecting service on a corporation; it does not comply with the procedures under Rule 4(h), the North Carolina rules for serving a corporation, or the Rhode Island rules for serving a corporation. See Fed. R. Civ. P. 4(h); N.C. R. Civ. P. 4(j)(6); R.I. Super. Ct. R. Civ. P. 4(e). While there is likely an individual in the legal department at Defendant CVS that could accept service by certified mail, Plaintiffs would need to address the mailing to the particular officer, director or agent authorized to accept service. N.C. R. Civ. P. 4(j)(6). Accordingly, the Court finds that Plaintiffs failed to perfect service within the 120 day period required by Rule 4(m). Because service was not perfected within the required time period, this Court must either dismiss the claims against Defendant CVS without prejudice or order that service be made within a specified time. Fed. R. Civ. P. 4(m).

Upon a review of the record in this case, the Court finds that the dismissal of the claims against Defendant CVS is unwarranted at this time. Plaintiffs attempted to perfect service on Defendant CVS by sending a copy of the summons and Complaint via certified mail to its legal department in Rhode Island. This is not a

case where a plaintiff failed to attempt service or took no steps to comply with the requirements of Rule 4.  In addition, Defendant CVS received notice of the pendency of this action in a timely manner.  In fact, Defendant CVS moved to dismiss the Complaint under Rules 12(b)(4) and 12(b)(5) even prior to the expiration of the 120 day time period for perfecting service.   Based on the record before the Court, and consistent with the general policy in this Circuit of deciding cases on their merits, see Herbert v. Saffell, 877 F. 2d 267, 269 (4th Cir. 1989), the Court finds that dismissal is not warranted at this time, and the District Court should allow Plaintiffs additional time to perfect service, despite the fact that Plaintiffs have not requested any such extension and have not made a showing of good cause.

In making this recommendation, the Court is aware of the decision of the Fourth Circuit in Mendez v. Elliot, 45 F.3d 75 (4th Cir. 1995) (holding that good cause be shown prior to obtaining an extension of time for perfecting service of process under prior Rule 4(j)), as well as the well-reasoned decision of the District Court in Harris v. South Charlotte Pre-Owned Auto Warehouse, LLC, No. 3:14-cv-00307-MOC-DCK, 2015 WL 1893839 (W.D.N.C. Apr. 27, 2015) (Cogburn, J.) (holding that a showing of good cause was not required under Rule 4(m)).  Despite what some other courts in this Circuit may have found, this Court is no longer

constrained by the holding of <u>Mendez</u> to require a showing of good cause prior to extending the time for a plaintiff to perfect service under Rule 4(m).

In <u>Mendez</u>, the Fourth Circuit addressed a prior version of Rule 4(m) – then numbered Rule 4(j) - and found that the rule required a showing of good cause for obtaining an extension of time to perfect service of process.   <u>Mendez</u>, 45 F.3d at 80.  The 120 day deadline to perfect service in <u>Mendez</u> expired on August 24, 1993, and the district court's decision was governed by Rule 4(j).  <u>Id.</u> at 77.  The Fourth Circuit's use of the term 4(m) throughout its opinion was done merely as a convenience. <u>Id.</u> at 77 n.1 ("On August 24, 1993, the rule was still numbered 4(j); it was not Rule 4(m) until December 1, 1993. For convenience, we have referred to the renumbered rule in our decision, except in places where the discussion is historical.).  Unfortunately, this seemingly innocuous decision to use the term Rule 4(m) rather than Rule 4(j) in its decision has created a significant amount of confusion regarding the application of <u>Mendez</u> to the current Rule 4(m) where no showing of good cause is made by a plaintiff.  <u>See</u> <u>generally</u>, <u>Harris</u>, 2015 WL 1893839 (discussing in depth the aftermath of the <u>Mendez</u> decision and its impact on the current interpretation of Rule 4(m) in this Circuit).

The version of Rule 4(j) considered by the Fourth Circuit in <u>Mendez</u>, however, was substantially different than the current version of Rule 4(m) that is

applicable to Plaintiffs' case.  The prior rule that was in force when the district court addressed the sufficiency of service in <u>Mendez</u> provided:

> If a service of summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such serve was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Fed. R. Civ. P. 4(j) (1993); <u>DiPaulo v. Potter</u>, 570 F. Supp. 2d 802, 805 (M.D.N.C. 2008) ("A careful reading of Mendez reveals that it was governed by the prior version of the rule, Rule 4(j), which clearly required a showing of good cause."). The Fourth Circuit's use of Rule 4(j), subsequently renumbered as Rule 4(m) effective December 1, 1993, has gone through a number of substantive changes since August 24, 1993, when the 120 day time period for the plaintiff in <u>Mendez</u> to perfect service expired. The version of the rule applicable to this case provides that:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant **or order that service be made within a specified time**.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (2015) (amended effective Dec. 1, 2015) (emphasis added).

Under the version of the rule addressed by the Court in <u>Mendez</u>, Rule 4(j)

dictated that a district court <u>shall</u> dismiss a complaint as to any defendant that was not served within 120 days unless the plaintiff makes a showing of good cause. Fed. R. Civ. P. 4(j) (1993); <u>DiPaulo</u>, 570 F. Supp. 2d at 806. The text of the rule seemingly provided no discretion to district court's to do anything other than dismiss the complaint where a defendant was not properly served within 120 days and a plaintiff failed to make a showing of good cause. Fed. R. Civ. P. 4(j) (1993). Subsequent amendments to the Rule recognized this limitation and granted the district court the discretion to either dismiss the action without prejudice or order that service be made within a specified time. Fed. R. Civ. P. 4(m). Under the plain language of the current version of Rule 4(m), a district court may exercise its discretion and order that service be made within a specified time irrespective of whether a plaintiff shows good cause for doing so. <u>Id.</u> To hold otherwise would be to ignore the clear and unambiguous language of Rule 4(m). As the advisory committee's notes to the 1993 amendment make clear:

> The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subsection even if there is no good cause shown.

Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment. Rule 4(m) only requires that the Court extend the time for service upon a showing of good

cause; the rule no longer makes an extension of time contingent upon such a showing.  Fed. R. Civ. P. 4(m).

The plain language of Rule 4(m) is clear.  If a plaintiff shows good cause for the failure to perfect service on a defendant within the requisite time period, the Court <u>must</u> grant the plaintiff an extension of time to perfect service and may not dismiss the complaint.  Fed. R. Civ. P. 4(m).  Absent a showing of good cause, however, the Court has two options; it may either dismiss the complaint without prejudice or order that service be made within a time set by the Court.  <u>Id.</u>  Again, the Court is not limited under Rule 4(m) to only extending the time for service in cases where a plaintiff shows good cause.  Rather, the Court is only limited in that it <u>must</u> extend the time for service upon a showing of good cause.  And this Court is not bound by the Fourth Circuit's interpretation of the pre-amendment Rule 4(j) in <u>Mendez</u>.[4]   The Court, therefore, **RECOMMENDS** that the District Court **DENY** the Motion to Dismiss and grant Plaintiffs an additional thirty (30) days to perfect service of process on Defendant CVS.  The Court further **RECOMMENDS** that the District Court dismiss this case as to Defendant CVS

---

[4]  The Court acknowledges that the Fourth Circuit stated in <u>Mendez</u> that "Rule 4(j) was edited without a change in substance and renumbered as Rule 4(m), effective December 1, 1993."  45 F.3d at 78.  Aside from being dicta, the statement, as numerous other courts have pointed out, <u>see</u> <u>e.g.</u> <u>Thompson v. Brown</u>, 91 F.3d 20, 22 (5th Cir. 1996), was incorrect because the changes to Rule 4(j) effective December 1, 1993, were, as the committee's note makes clear, substantive changes, Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment.

without prejudice if Plaintiffs fail to perfect service within the thirty day time period.

### C. The Individual Defendants Have Not Been Properly Served

Although Defendant CVS did not move to dismiss the Complaint on behalf of the individual Defendants or offer any argument as to whether these individuals were properly served, Rule 4(m) provides that the Court must on its own, after notice to Plaintiffs, dismiss an action without prejudice or provide a plaintiff with additional time to perfect service as to any defendant who was not served within 120 days. Fed. R. Civ. 4(m). Because the Court has not previously provided notice to Plaintiffs that it might dismiss the claims against the individual Defendants for failure to perfect service and Plaintiffs did not address this issue in their response to the Motion to Dismiss, the Court cannot recommend that the District Court dismiss the claims against the individual Defendants at this time. For the benefit of the District Court, however, the Court will address service on the individual Defendants.

A plaintiff may perfect service on an individual in one of several ways. Fed. R. Civ. P. 4(e). First, a plaintiff may follow state law for the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1). Second, a plaintiff may deliver a copy of the summons and the complaint to the individual

personally. Fed. R. Civ. P. 4(e)(2)(A). Third, a plaintiff may leave a copy of the summons and complaint at the individual's dwelling or usual place of abode with an individual of suitable age and discretion who resides at the dwelling place. Fed. R. Civ. P. 4(e)(2)(B). Fourth, a plaintiff may deliver a copy of the summons and complaint to an agent authorized to accept service of process for the individual. Fed. R. Civ. P. 4(e)(2)(C).

Rule 4 of the North Carolina Rules of Civil Procedure provide that a plaintiff may serve an individual without a disability in the following manner:

a. By delivering a copy of the summons and of the complaint to the natural person or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.

b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.

c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee.

d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the party to be served, delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.

e. By mailing a copy of the summons and of the complaint by signature confirmation as provided by the United States Postal Service, addressed to the party to be served, and delivering to the addressee.

N.C. R. Civ. P. 4(j)(1).

Although it is not clear where the individual Defendants reside and whether these individuals even live in Rhode Island, Plaintiff attempted service in Rhode Island by mailing a copy of the summons and complaint to the legal department at Defendant CVS. In Rhode Island, a plaintiff may perfect service on an individual by:

delivering a copy of the summons, complaint, Language Assistance Notice, and all other required documents to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons, complaint, Language Assistance Notice, and all other required documents to an agent authorized by appointment or by law to receive service of process, provided that if the agent is one designated by statute to receive service, such further notice as the statute requires shall be given.

R.I. Super. Ct. R. Civ. P. 4(e)(1).

Irrespective of whether the individual Defendants are located in Rhode Island or North Carolina, Plaintiffs have not properly served them in a manner consistent with Rule 4. Sending a copy of the summons and complaint to the legal department of Defendant CVS is not sufficient under

Rule 4 to constitute service of process of an individual.  See Fed. R. Civ. P. 4(e); N.C. R. Civ. P. 4(j)(1); R.I. Super. Ct. R. Civ. P. 4(e)(1).  Because Plaintiffs did not properly perfect service on the individual Defendants within the required 120 day time period, the Court **RECOMMENDS** that the District Court also extend the time for Plaintiffs to perfect service on the individual Defendants an additional thirty (30) days.

### III.    Conclusion

The Court **RECOMMENDS** that the District Court **DENY** the Motion to Dismiss [# 3] pursuant to Rule 12(b)(4) for insufficient process. The Court **RECOMMENDS** that the District Court **DENY** the Motion to Dismiss [# 3] pursuant to rule 12(b)(5) and grant Plaintiffs an additional thirty (30) days to perfect service of process on all the Defendants.  If Plaintiffs fail to perfect service within this time period as to any Defendant, the Court **RECOMMENDS** that the District Court dismiss the claims asserted against that Defendant without prejudice.

Signed: March 29, 2016

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.**  Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).