UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:15-cv-00223-MOC-DLH

| | | |
|---|---|---|
| **MICHAEL A. IANNUCCI and MARGE IANNUCCI,** | ) ) ) | |
| Plaintiffs, | ) ) | |
| Vs. | ) ) | ORDER |
| **CVS RX SERVICES, INC., et al.,** | ) ) ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on the pro se Plaintiffs' Motion for Summary Judgment (#21). In that Motion, Plaintiffs state that they are entitled to summary judgment solely based on the facts that Defendants have "failed to respond to this Court's order denying his Motion to Dismiss within the required 14 day time period" and Defendants have failed to "answer Plaintiff's complaint within the prescribed 60 day time period." Plaintiffs ask that the court grant them summary judgment "in the amount of $3,000,000.00." Defendants have filed a response, noting that Plaintiff appears to have filed this Motion for Summary Judgment in lieu of filing a Response to Defendants' Second Motion to Dismiss (#19), which is currently under consideration by the Honorable Dennis Howell, United States Magistrate Judge, for a memorandum and recommendation. That Motion seeks dismissal pursuant to Rules 4(m), 12(b)(2), 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure, based on Plaintiffs' alleged failure to properly serve a summons and complaint upon Defendants within the time allowed under Rule 4(m). Defendants ask this court to deny summary judgment and reiterates its arguments as to dismissal based on the failure to perfect service.

This court is mindful of the requirement that pro se filings "however unskillfully pleaded, must be liberally construed." Noble v. Barnett, 24 F.3d 582, 587 n. 6 (4th Cir. 1994). Nonetheless, Plaintiff has offered the court no facts, allegations, or legal authority that would allow the court to grant them summary judgment under the governing standards.[1] The court will therefore deny the Motion for Summary Judgment. Additionally, as the issue of dismissal based on the procedural grounds asserted by Defendants is currently pending before Judge Howell, the court will not order any relief to the extent requested by Defendants in their response.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiffs' pro se Motion for Summary Judgment (#21) is **DENIED**.

Signed: August 11, 2016

Max O. Cogburn Jr.
United States District Judge

---

1 Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted). Once this initial burden is met, the burden shifts to the nonmoving party. That party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3.

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). In the end, the question posed by a summary judgment motion is whether the evidence "is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 252.