# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:15cv223

| | | |
|---|---|---|
| MARGE IAANUCCI and MICHAEL IANNUCCI, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | **MEMORANDUM AND RECOMMENDATION** |
| CVS Rx SERVICES, INCL, et al., | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

Pending before the Court is the Motion to Dismiss [# 19]. Plaintiffs brought

this case against Defendants asserting claims for employment discrimination under

Title VII of the Civil Rights Act of 1964. Defendant CVS Rx Services, Inc.

("CVS" or "Defendant") moves to dismiss the claims asserted against it in the

Complaint. Upon a review of the record and the relevant legal authority, the Court

**RECOMMENDS** that the District Court **GRANT** the motion [# 19].

## I.     Background

Plaintiffs brought this action on October 1, 2015, asserting claims for

employment discrimination under Title VII. Plaintiffs named CVS Rx Services,

Inc. as a defendant. In addition, Plaintiffs named Diana Hardin, David Sanford,

Kelly Gray, Amanda Chiota, Patricia Ethridge, and Matt Wead as defendants. The

Complaint alleges that each of the individual Defendants is a current or former

employee of Defendant CVS. (Pl.'s Compl. pp. 2-3, ECF No. 1.) After Plaintiffs

filed the Complaint, the Clerk issued summons for:

> CVS
> 1 CVS Drive
> Woonsocket, RI 02895

(Summons p. 1, ECF No. 2.) The summons for each of the individual Defendants

was issued to this same name and address. (Id. pp. 1-13.)

Plaintiffs then attempted to perfect service on all the Defendants by mailing

seven copies of the Complaint via United States certified mail to CVS at the

address listed in the summons. (Pls.' Resp. Def.'s Mot. Dismiss at p. 1, ECF No.

8.) Plaintiffs filed a copy of the certified mail receipt and the tracking information

showing delivery on October 6, 2015, with the Court. (Miscellaneous Filing, ECF

No. 5.) By letter dated December 9, 2015, the Clerk of Court sent Plaintiffs a letter

stating that the filing of the certified mail receipt was not the proper way to show

proof of service on Defendants. (Letter from Clerk, ECF No. 7.) The Clerk also

provided Plaintiffs with a copy of the Pro Se Litigants Guide and instructed

Plaintiffs as to the appropriate section regarding service of a complaint. (Id.) The

Clerk enclosed another copy of the issued summons. (Id.) Finally, the Clerk

explained to Plaintiffs that:

> As a reminder, you have 120 days from the issuance of the summons to effect service, if you fail to do so within the 120 days, your case may be dismissed. The enclosed guide states 90 days, but that changed for cases on or after 12/01/2015.

(Id.) Shortly after the Clerk sent Plaintiffs the letter regarding their miscellaneous filing, Plaintiffs filed the summons and proof of service with the Court indicating that they served all of the Defendants by certified mail at the single address 1 CVS Drive, Woonsocket, RI 02895. (Summons Returned Executed, ECF No. 9.)

Defendant CVS then moved to dismiss the Complaint for failure to properly serve a summons and complaint upon Defendants within the time allowed by Rule 4(m). This Court entered a Memorandum and Recommendation finding that Plaintiffs had failed to properly perfect service on any of the Defendants in this case. (Mem. & R., Mar. 3, 2016, ECF No. 12.) The Court's Memorandum and Recommendation set forth in exhaustive detail the proper way for Plaintiffs to perfect service on Defendants. (Id.) Despite Plaintiffs' failure to perfect service, the Court recommended that the District Court deny the Motion to Dismiss and grant Plaintiffs an additional thirty day to perfect service of process in accordance with the Court's Memorandum and Recommendation. (Id. at 21.) The Court also warned Plaintiffs that it would recommend that the District Court dismiss without prejudice the claims asserted against any of the Defendants that Plaintiffs failed to

perfect service on during the thirty days.  (<u>Id.</u> at 21.)

After entering the Memorandum and Recommendation, the Court then entered an Order denying Plaintiffs' Motion to Amend.  (Order denying Mot. Amend, Apr. 13, 2016, ECF No. 15.)  The Court again warned Plaintiffs of the consequences of not perfecting service of process on Defendants:

> In its March 29, 2016, Memorandum and Recommendation, the Court instructed Plaintiffs in great detail the manner in which they may perfect service on the various defendants.  The Court will not grant Plaintiffs leave to perfect service in a manner not specified in the Federal Rules of Civil Procedure.  Plaintiffs can either perfect service on Defendants in a manner allowed by law - if the District Court allows them additional time to do so - or they can face dismissal of this lawsuit; the choice is theirs to make.  This Court, however, has provided Plaintiffs with ample opportunity to perfect service, including drafting a twenty-two page Memorandum and Recommendation detailing the proper manner for perfecting service on each of the Defendants. Accordingly, the Court **DENIES** the Motion to Amend [# 11].

(<u>Id.</u>)

Subsequently, the District Court entered an Order adopting the Court's Memorandum and Recommendation.  (Order affirm. Mem. & R., Apr. 27 2016, ECF No. 18.)  Accordingly, Plaintiffs had thirty days from the entry of the District Court's Order adopting the Memorandum and Recommendation to perfect service on Defendants.  After the expiration of the thirty day period, Defendant again moved to dismiss the claims brought against it in the Complaint for failure to properly serve a summons and complaint upon it.  The Court entered an Order

advising Plaintiffs of their obligation to respond to the Second Motion to Dismiss and explained that they should "demonstrate that they complied with the Court's prior Orders and perfected service on each Defendant." (Order, July 7, 2016, ECF No. 22.)

Meanwhile, Plaintiffs filed a Motion for Summary Judgment, which the District Court denied. (Order den. Pls.' Mot. Summ. J., Aug. 11, 2016, ECF No. 25.) Plaintiffs, however, did not respond to the Second Motion to Dismiss and did not respond to the Court's July 7, 2016, Order instructing them to demonstrate that they have complied with the Court's prior Order and perfected service on the Defendants. Instead of responding to the Second Motion to Dismiss, Plaintiffs filed a Motion for Issuance of Summons. In its motion, Plaintiffs seek the issuance for a new summons for Defendant so that Plaintiffs can perfect service of process on Defendant. (Pls.' Mot. Issuance Summons, ECF No. 23.)

## II.    Analysis

After finding that Plaintiffs initially failed to perfect service of process on Defendants, the Court provided Plaintiffs an additional time period to perfect service. The Court explained to Plaintiffs in detail the manner to perfect service on Defendants. The Court also warned Plaintiffs that the failure to comply with the Court's Orders and perfect service would result in the dismissal of this action.

Despite the warnings and prior instructions from the Court, Plaintiffs have failed to respond to the Second Motion to Dismiss or this Court's Order directing Plaintiffs to demonstrate that they have perfected service on each Defendant. In fact, in response to the Court's Order, Plaintiffs filed a motion seeking the issuance of a new summon so that they could again try to perfect service on Defendant. This Court and the District Court have already provided Plaintiffs with ample opportunity to perfect service on Defendants, and the Court will not provide Plaintiffs with additional time to do so. Because Plaintiffs have failed to comply with the Court's prior Orders and demonstrate that they have perfected service on each Defendant, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 19], **DENY** the Motion for Issuance of Summons [# 23], and dismiss this case without prejudice.

### III.    Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 19], **DENY** the Motion for Issuance of Summons [# 23], and dismiss this case without prejudice.

Signed: August 20, 2016

Dennis L. Howell
United States Magistrate Judge

-6-

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).